1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD L. ROGERS,

          Plaintiff,

   v.

JEFFREY NORRIS, et al.,

          Defendants.

No. C05-1483P

ORDER DISMISSING CLAIMS
AGAINST CERTAIN DEFENDANTS
AND DIRECTING SERVICE OF
SECOND AMENDED COMPLAINT

     Plaintiff Gerald Rogers proceeds pro se and in forma pauperis in this action.  Plaintiff initially

filed a complaint alleging claims under 42 U.S.C. § 1983.  After reviewing Plaintiff's original

complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed certain claims and granted Plaintiff

leave to file an amended complaint.  Plaintiff then filed an amended complaint that raised claims solely

under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.  The Court

dismissed that complaint with leave to amend for failure to state a claim upon which relief may be

granted.  Plaintiff has now filed a second amended complaint that raises <u>Bivens</u> claims against seven

named federal officials.  (Dkt. No. 12).

     Having reviewed Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, the

Court DISMISSES Plaintiff's claims against U.S. District Judge Jane Boyle and Kelly Crawford with

prejudice.  The Court also DISMISSES Plaintiff's claims against Mary Jo Williams and Kathrine

ORDER - 1

1  Frierson without prejudice.  The Court directs service of the second amended complaint on Jeffrey

2  Norris and Daniel Nathan.  The Court cannot direct service on Joseph Quinn at this time because

3  Plaintiff has not provided a full address for Mr. Quinn.  The reasons for the Court's order are set forth

4  below.

5                                                **Background**

6         Plaintiff's second amended complaint (SAC) is brought against Jeffrey Norris of the Securities

7  & Exchange Commission (SEC); Daniel Nathan of the Commodity Futures Trading Commission

8  (CFTC); Joseph Quinn of the Federal Bureau of Investigation (FBI); Assistant United States Attorney

9  Kathrine Frierson; Kelly Crawford, a court-appointed receiver who is allegedly an "agent for the

10  United States District Court for the Northern District of Texas"; Mary Jo Williams of the United

11  States Parole Commission; and the Honorable Jane Boyle, United States District Judge for the

12  Northern District of Texas.  Plaintiff alleges that defendants have "intentionally conspired and continue

13  to conspire" to deprive Plaintiff of his freedom and interfere with his businesses.  SAC ¶ 11.

14         Plaintiff was arrested at his office in Seattle on February 25, 2005 for parole violations.  Id. ¶¶

15  14, 16.  Plaintiff claims that when he was arrested, U.S. Marshals refused to allow him to have access

16  to his computer to close out a $200 million "open position" on a currency account.  Id. ¶¶ 16-17.

17  Plaintiff further alleges that he attempted to send a letter from Sea-Tac prison on February 26, 2005 to

18  a friend with instructions to "close out" the $200 million open position.  Id. ¶ 18.  Plaintiff claims that

19  this letter was intercepted by FBI Agent Quinn and that SEC official Norris "advised Quinn to conceal

20  the contents of the letter" from Plaintiff's friend, "which caused the position to remain open" and

21  resulted in a loss of $5 million.  Id. ¶¶ 19-20.

22         On March 2, 2005, the SEC and CFTC filed civil actions against Plaintiff in the United States

23  District Court for the Northern District of Texas.  The SEC/CFTC actions are proceeding before U.S.

24  District Judge Jane Boyle.  Plaintiff alleges that Judge Boyle "conspired" to have these cases assigned

25

1   to her and that Judge Boyle "appointed her conspirator Kelly Crawford to seize as her receiver, the

2   property of the plaintiff." Id. ¶ 21.

3                                                       **Discussion**

4           Plaintiff filed this action while an inmate in federal prison and is proceeding in forma pauperis.

5   Therefore, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A.  This section

6   requires the Court to review Plaintiff's complaint and provides:

7           On review, the court shall identify cognizable claims or dismiss the complaint, or any portion
            of the complaint, if the complaint –
8           (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
            (2)     seeks monetary relief from a defendant who is immune from such relief.
9
    28 U.S.C. § 1915A(b).
10
            In the SAC, Plaintiff alleges <u>Bivens</u> claims against various federal officials for alleged
11
    deprivations of his constitutional rights under the Fourth and Fifth Amendments, as well as under
12
    Article III of the Constitution.  As this Court has previously noted, it is well-established that a <u>Bivens</u>
13
    suit cannot be brought against a federal official acting in his or her official capacity.  <u>See</u> <u>Daly-Murphy</u>
14
    <u>v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987).  Therefore, to the extent that Plaintiff seeks to sue any
15
    of the Defendants in their official capacities under <u>Bivens</u>, such claims must be dismissed.[1]  Because
16
    the Court must construe Plaintiff's pleadings liberally, the Court will construe the SAC as bringing
17
    claims against the named Defendants in their individual capacities.
18
    A.      <u>Claims Against Judge Boyle</u>
19
            Plaintiff's claims against Judge Boyle are frivolous because they are plainly barred by the
20
    judicial immunity doctrine.  This doctrine generally shields judges from suits for monetary damages for
21
    actions taken in a judicial capacity and applies even in cases where a judge allegedly conspires with
22

23          [1] Plaintiff does not clearly specify whether he seeks to sue these individuals in their official or
    individual capacities.  Although he alleges that the defendants conspired "in their official capacities" to
24  deprive plaintiff of his freedom and to interfere with his businesses (SAC ¶ 11), the Court does not
    construe this allegation as an indication that Plaintiff seeks to sue Defendants solely in their official
25  capacities.

1    prosecutors to predetermine the outcome of a judicial proceeding.  See, e.g., Ashelman v. Pope, 793

2    F.2d 1072, 1078 (9th Cir. 1986).  The Supreme Court has held that judicial immunity from suit is

3    overcome in only two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial

4    actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for

5    actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Mireles v. Waco,

6    502 U.S. 9, 11-12 (1991).

7            Plaintiff suggests that Judge Boyle conspired to have the SEC/CFTC lawsuits assigned to her.

8    Even assuming the truth of this allegation, actions regarding the assignment of cases are taken in a

9    judicial capacity and are therefore shielded by the judicial immunity doctrine.  See, e.g., Van Deelen v.

10   Fairchild, 2005 WL 3263885 at * 5 (D. Kan. Dec. 1, 2005).  Plaintiff also suggests that Judge Boyle

11   has acted in absence of jurisdiction in the SEC/CFTC actions, claiming that the United States District

12   Court for the Northern District of Texas is a "legislative Article I" court, rather than a court

13   established pursuant to Article III of the Constitution.  This contention is entirely without merit.

14   Article III, Section I of the Constitution provides that "[t]he judicial Power of the United States, shall

15   be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time

16   ordain and establish."  The United States District Court for the Northern District of Texas was duly

17   established by Congress pursuant to its authority under Article III, Section 1.  See 28 U.S.C. §§ 124,

18   132.  Therefore, Plaintiff's claims against Judge Boyle are DISMISSED with prejudice.

19   B.      Claims Against Kelly Crawford

20           Similarly, Plaintiff's claims against Kelly Crawford, an alleged "agent" of the U.S. District

21   Court for the Northern District of Texas, are frivolous because they are plainly barred under the

22   judicial immunity doctrine.  Plaintiff alleges that Kelly Crawford is serving as a court-appointed

23   receiver in the SEC/CFTC actions currently pending in the U.S. District Court for the Northern

24   District of Texas.  Under these circumstances, a receiver acts as an agent of the Court and is immune

25   from suits for monetary damages.  See, e.g., Mosher v. Saalfeld, 589 F.2d 438, 442 (9th Cir. 1978)

ORDER - 4

1   (noting that judicial immunity "has been extended to other officials of the judiciary," including

2   receivers).  Therefore, Plaintiff's claims against Kelly Crawford are DISMISSED with prejudice.

3   C.    Claims Against Mary Jo Williams and Kathrine Frierson

4         Plaintiff also brings claims against Mary Jo Williams of the United States Parole Commission

5   and Assistant United States Attorney Kathrine Frierson.  Plaintiff alleges that Ms. Frierson (along with

6   Mr. Norris and Mr. Nathan) "prevailed" on Ms. Williams to:

7         (1) "retard" the plaintiff's February 25, 2006 release date that resulted from a limitation tolled
          Parole Hearing on July 12, 2005 and (2) to order a double jeopardy hearing based on the same
8         evidence for which the plaintiff was tried in the July 12 hearing and from which the charge was
          dropped for lack of evidence.

9   SAC ¶ 12.

10        These allegations, together with Plaintiff's claims that he has been unlawfully deprived of his

11  freedom (SAC ¶ VI), appear to indicate that Plaintiff is alleging that his parole was unlawfully denied

12  or revoked.  Under Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff cannot maintain a Bivens action

13  for such claims unless he successfully challenges the parole denial or revocation through a separate

14  proceeding, such as a petition for a writ of habeas corpus.  See, e.g., Crow v. Penry, 102 F.3d 1086,

15  1087 (10th Cir. 1996) (dismissing a Bivens claim because "[t]he civil claim for damages amounts to a

16  collateral attack on his parole revocation and subsequent incarceration," which is not permitted by

17  Heck).  As the Ninth Circuit has explained:

18        We have no difficulty in concluding that a challenge to the procedures used in the denial of
          parole necessarily implicates the denial of parole and, therefore, the prisoner's continuing
19        confinement.  Few things implicate the validity of continued confinement more directly than the
          allegedly improper denial of parole.  This is true whether that denial is alleged to be improper
20        based upon procedural defects in the parole hearing or upon allegations that parole was
          improperly denied on the merits.  Appellant's civil claim for damages amounts to a collateral
21        attack on his denial of parole and subsequent incarceration.  Heck does not permit this.

22  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).

23        Because Plaintiff has not alleged that he has successfully challenged his parole denial or

24  revocation in another proceeding, Plaintiff's claims against Ms. Williams and Ms. Frierson are

25

ORDER - 5

1   DISMISSED without prejudice.  Similarly, claims against other named Defendants based on a theory

2   that Plaintiff's parole was unlawfully denied or revoked cannot be maintained at this time.

3        D.      Claims Against Jeffrey Norris, Daniel Nathan, and Joseph Quinn

4               Plaintiff has named Jeffrey Norris of the SEC, Daniel Nathan of the CFTC, and Joseph Quinn

5   of the FBI as defendants.  Plaintiff's SAC alleges:  (1) When he was arrested on February 25, 2005,

6   Plaintiff's business records and currency computer trade station were seized at the behest of Mr.

7   Norris and Mr. Nathan and Plaintiff was not allowed to "close out" his $200 million open position on

8   a currency account (SAC ¶¶ 16-17); (2) Mr. Quinn and Mr. Norris allegedly intercepted and concealed

9   a letter that Plaintiff sent to a friend the next day that contained instructions on how to "close out" the

10  open position (Id. ¶¶ 18-20); and (3) Mr. Norris and Mr. Nathan improperly utilized the Patriot Act to

11  obtain Plaintiff's personal and business banking records in February 2005 (Id. ¶ 12).

12              Plaintiff allegations that he was not allowed to "close out" his open position when he was

13  arrested on February 25, 2005 fails to state a claim for violation of his constitutional rights.  The Court

14  is unaware of any authority suggesting that a person who is arrested has a constitutional right to

15  complete his pending business before he is taken into custody.

16              However, Plaintiff also alleges that Mr. Norris and Mr. Nathan improperly utilized the Patriot

17  Act to obtain his personal and business banking records and that Mr. Norris and Mr. Quinn intercepted

18  and concealed his outgoing mail from Sea-Tac prison.  Construed liberally, Plaintiff's allegations are

19  sufficient to state cognizable claims under Bivens.  Although these claims may be subject to a number

20  of defenses, including but not limited to a qualified immunity defense, the Court cannot evaluate the

21  merits of a qualified immunity defense unless that defense is explicitly raised by defendants.  See, e.g.,

22  Harlow v. Fitzgerald, 457 U.S. 800 (1982) ("Qualified or 'good faith' immunity is an affirmative

23  defense that must be pleaded by a defendant official").

24              Therefore, the Court will direct service of Plaintiff's second amended complaint on Mr. Norris

25  and Mr. Nathan.  The Court cannot direct service on Mr. Quinn because Plaintiff has not provided a

ORDER - 6

full address for Mr. Quinn.  Plaintiff is advised that unless he provides a complete address for Mr. Quinn to the Court, Plaintiff will be responsible for effecting service on Mr. Quinn.

E.    Directions Regarding Service

As noted above, the Court construes Plaintiff's second amended complaint as raising claims against federal officials in their individual capacities.  Therefore, service will be ordered pursuant to Fed. R. Civ. P. 4(i)(2)(B), as well as on the Attorney General and the Office of the United States Attorney for the Western District of Washington pursuant to Fed. R. Civ. P. 4(i)(1).

1.    Issuance of Summons

The Clerk shall issue summons in this matter for Jeffrey Norris and Daniel Nathan.

2.    Service of Summons and Complaint under Fed. R. Civ. P. 4(i)(1)

The Clerk is directed to send a copy of the summons for Mr. Norris and Mr. Nathan, Plaintiff's second amended complaint (Dkt. No. 12), and this Order by registered or certified mail to the following addresses:

(a)    Civil Process Clerk
Office of the United States Attorney for the Western District of Washington
700 Stewart Street
Seattle, WA 98101

(b)    Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C.  20530

3.    Request for Waiver of Service

To avoid the expense of personal service, the Court will request Mr. Norris and Mr. Nathan to waive service of the summons pursuant to Fed. R. Civ. P. 4(d).  Therefore, the Clerk is directed to send the following materials by first-class mail to Jeffrey Norris and  Daniel Nathan:  A copy of Plaintiff's second amended complaint and of this Order, two copies of a Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.  These materials shall be sent to Mr. Nathan and Mr.

ORDER - 7

Norris at the following addresses provided by Plaintiff: (1) Jeffrey Norris, Securities and Exchange Commission, 801 Cherry Street #1900, Fort Worth, TX  76101; (2) Daniel Nathan, Commodity Futures Trading Commission, 1155 21st Street N.W., Washington, D.C.  20581.

4.      <u>Response Required</u>

Mr. Nathan and Mr. Norris shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons.  Any defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer to the Complaint or a motion permitted under Federal Rule of Civil Procedure 12.

Any defendant who fails to timely return the signed Waiver will be personally served with a summons and Complaint, and may be required to pay the full costs of such service, pursuant to Federal Rule of Civil Procedure 4(d)(2).

5.      <u>Motions for Summary Judgment</u>

If one of the parties files a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the opposing party should acquaint him/herself with Rule 56.  Rule 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials of prior pleadings.  Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial.  Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the Court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial.  <u>Rand v. Rowland</u>, 113 F.3d 1520 (9th Cir. 1997).

**Conclusion**

Plaintiff's claims against U.S. District Judge Jane Boyle and Kelly Crawford are DISMISSED with prejudice as frivolous because these claims are clearly barred by the judicial immunity doctrine.  Plaintiff's claims against Mary Jo Williams and Kathrine Frierson are DISMISSED without prejudice because Plaintiff has not alleged that his parole revocation or denial has been successfully challenged in another proceeding.  The Court directs service of Plaintiff's second amended complaint on Jeffrey Norris and Daniel Nathan.  The Court cannot direct service on Joseph Quinn because Plaintiff has not provided a complete address for Mr. Quinn.

The Clerk shall send a copy of this order to Plaintiff and direct service on Mr. Norris and Mr. Nathan in the manner described in Section E above.

DATED:   April 4, 2006.


                                             s/Marsha J. Pechman
                                             Marsha J. Pechman
                                             United States District Judge

ORDER - 9